NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEONEL ORELLANA-HERRERA,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT M. WILKINSON, Acting<br>Attorney General,<br><br>    Respondent. | No.    19-71262<br><br>Agency No. A029-282-592<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021[**]

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Leonel Orellana-Herrera, a native and citizen of Guatemala, petitions for
review of the Board of Immigration Appeals' ("BIA") order denying his motion to
reopen and terminate and, alternatively, to reopen removal proceedings. Our
jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and the denial of a motion to terminate, *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We review de novo questions of law. *Dominguez*, 975 F.3d at 734. We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Orellana-Herrera's motion to reopen and terminate where his contention that the immigration court lacked jurisdiction over his proceedings is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case").

The BIA also did not abuse its discretion in denying Orellana-Herrera's motion to reopen removal proceedings as untimely, where it was filed eight months after the order of removal became final, and Orellana-Herrera has not established materially changed country conditions in Guatemala to qualify for the regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2), (3)(ii); *Najmabadi*, 597 F.3d at 987-90 (evidence must be "qualitatively different" to warrant reopening).

We lack jurisdiction to review the BIA's denial of sua sponte reopening, where Orellana-Herrera has not raised a legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing

19-71262

the reasoning behind the decisions for legal or constitutional error."); *see also*

*Najmabadi*, 597 F.3d at 990 (the agency does not have to write an exegesis on

every contention).

The temporary stay of removal remains in place until issuance of the

mandate. The motion for a stay of removal (Docket Entry No. 1) is otherwise

denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.